IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED

03 NOV -4  PM 4: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

LAQUARIUS GRAY, a minor, by and )
through her mother and next friend, )
Toniko L. Alexander; )
)
       Plaintiff, )      CV-03-C-2989-W
)
v. )     CIVIL ACTION NO. _____
)
)

ANTONIO BOSTIC, individually and in his official capacity as Deputy Sheriff for Tuscaloosa County, Alabama; EDMUND SEXTON, individually and in his official capacity as Sheriff for Tuscaloosa County, Alabama; JOYCE HARRIS, individually and in her official capacity as Principal of Holt Elementary School (Tuscaloosa, Alabama); JOYCE SELLERS, individually and in her official capacity as Superintendent of the Tuscaloosa County (Alabama) School System and/or the Tuscaloosa County (Alabama) Board of Education; and FRANKIE THOMAS, JAMES BARRNET, JAMES JUNKIN, MORRIS ACKER, DON PRESLEY, DOT SMITH and PAM GARNER, individually and in their official capacities as Board Members of the Tuscaloosa County Board of Education;

                               )
       Defendants. )

## COMPLAINT

    COMES NOW the Plaintiff, Laquarius Gray, a minor, by and through her mother and next

friend, Toniko L. Alexander, and for her complaint against the Defendants says as follows:

## Jurisdiction

    1.    The plaintiff claims, in part, that the acts and/or omissions of the defendants, jointly

and severally, proximately resulted in the plaintiff being wrongfully denied her rights under the First,

Fourth, Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States, as

more fully set forth herein. This Court has original jurisdiction over this action pursuant to 28

U.S.C. §§ 1331 and 1343.

2.     The plaintiff also claims, in part, that the acts and/or omissions of the defendants, jointly and severally, proximately resulted in the plaintiff being wrongfully denied her rights under the laws of the State of Alabama, as more fully set forth herein.  Plaintiff's state law claims include, without limitation, false imprisonment, assault and battery, invasion of privacy, negligence, wantonness and outrage (intentional infliction of emotional distress).  Plaintiff's state law claims arise from the same occurrence that forms the basis of her federal claims.  This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## Parties

3.     Plaintiff, Laquarius Gray, is ten (10) years old and a resident of Tuscaloosa County, Alabama.  Plaintiff brings this action by and through her mother and next friend, Toniko L. Alexander, who is over the age of nineteen (19) years and a resident of Tuscaloosa County, Alabama.

4.     Defendant, Antonio Bostic, is over the age of nineteen (19) years and a resident of Tuscaloosa County, Alabama.  At all times relevant to this complaint, Bostic has been a Deputy Sheriff of and for Tuscaloosa County, Alabama.  Plaintiff's claims against Bostic are asserted against him individually and in his official capacity as a Deputy Sheriff.  Bostic's acts and/or failures to act, with regard to the plaintiff's claims against him, were done individually and in his official capacity within the line, scope and authority of his status as a Deputy Sheriff.

5.     Defendant, Edmund Sexton, is over the age of nineteen (19) years and a resident of Tuscaloosa County, Alabama.  At all times relevant to this complaint, Sexton has been the Sheriff of and for Tuscaloosa County, Alabama.  Plaintiff's claims against Sexton are asserted against him individually and in his official capacity as the Sheriff of and for Tuscaloosa County.  Sexton's acts

and/or failures to act, with regard to the plaintiff's claims against him, were done individually and in his official capacity within the line, scope and authority of his status as Sheriff.

6.     Defendant, Joyce Harris, is over the age of nineteen (19) years and a resident of Tuscaloosa County, Alabama. At all times relevant to this complaint, Harris has been the Principal of Holt Elementary School of Tuscaloosa County, Alabama. Plaintiff's claims against Harris are asserted against her individually and in her official capacity as the Principal of Holt Elementary School. Harris's acts and/or failures to act, with regard to the plaintiff's claims against her, were done individually and in her official capacity within the line, scope and authority of her status as Principal.

7.     Defendant, Joyce Sellers, is over the age of nineteen (19) years and a resident of Tuscaloosa County, Alabama. At all times relevant to this complaint, Sellers has been the Superintendent of the Tuscaloosa County (Alabama) School System and/or the Tuscaloosa County (Alabama) Board of Education. Plaintiff's claims against Seller's are asserted against her individually and in her official capacity as the Superintendent of the Tuscaloosa County School System and/or the Tuscaloosa County Board of Education. Seller's acts and/or failures to act, with regard to the plaintiff's claims against her, were done individually and in her official capacity within the line, scope and authority of her status as Superintendent.

8.     Defendants, Frankie Thomas, James Barnnet, James Junkin, Morris Acker, Don Presley, Dot Smith and Pam Garner, are each over the age of nineteen (19) years and are residents of Tuscaloosa County, Alabama. At all times relevant to this complaint, said defendants have been Board Members of the Tuscaloosa County (Alabama) Board of Education. Plaintiff's claims against said defendants are asserted against them individually and in their official capacities as Board

Members of the Tuscaloosa County Board of Education. Said defendants' acts and/or failures to act, with regard to the plaintiff's claims against them, were done individually and in their official capacities within the line, scope and authority of their status as Board Members.

## Facts

9.     The plaintiff, Laquarius Gray,[1] is an African-American female. At the time of the incident made the subject of this complaint, Miss Gray was 9 years old and a student in the fourth grade at Holt Elementary School in Tuscaloosa County, Alabama.

10.     The incident made the subject of this complaint occurred on or about March 7, 2003, while Miss Gray was attending her Physical Education class at Holt Elementary School.

11.     During her Physical Education class, Miss Gray and the Physical Education instructor (Mr. Williams) had a disagreement concerning whether Miss Gray had completed the "jumping jack" exercises that the instructor thought Miss Gray was supposed to perform. During the course of their disagreement, Miss Gray made a disrespectful comment to the instructor. Another Holt Elementary School teacher (Ms. Horton) witnessed the disagreement between Miss Gray and the Physical Education instructor, and instructed Miss Gray to come over to her so that she could talk to Miss Gray about the comment Miss Gray made to the Physical Education instructor. After seeing that Ms. Horton had undertaken to consult with Miss Gray about Miss Gray's comment, the Physical Education instructor turned his attention back to the other students in the Physical Education class.

12.     Before Miss Gray could get to where Ms. Horton had instructed her to come, Deputy

---

[1]     Laquarius Gray is a minor. To the extent necessary or required by the applicable rules of pleading and maintaining this civil action, all references to the plaintiff, Laquarius Gray, are intended to reflect and include the fact that this action is being brought on Miss Gray's behalf by and through her mother and next friend, Toniko L. Alexander.

Bostic instructed Miss Gray to come to him. Ms. Horton then advised Deputy Bostic that she would talk to and otherwise deal with Miss Gray concerning Miss Gray's comment to the Physical Education instructor. Deputy Bostic then insisted to Ms. Horton that he would talk to and otherwise deal with Miss Gray concerning Miss Gray's comment to the Physical Education instructor. Deputy Bostic then required Miss Gray to leave Ms. Horton and accompany him to a doorway of the gymnasium in close proximity to where Miss Gray had been standing with Ms. Horton.

13.     At the time of the subject incident: (a) Deputy Bostic was in the gymnasium and observed the disagreement and verbal exchange between Miss Gray and the Physical Education instructor; (b) Bostic was wearing the full uniform (including the weaponry) of an on-duty Deputy Sheriff of Tuscaloosa County, Alabama; and (c) Bostic was, in fact, on duty and engaged in performing his job responsibilities as a Deputy Sheriff of Tuscaloosa County, Alabama.

14.     Upon observing the disagreement and verbal exchange between Miss Gray and the Physical Education instructor: (a) Deputy Bostic intentionally and without valid authority or justification interfered with and countermanded Ms. Horton's efforts to talk to and otherwise deal with Miss Gray concerning Miss Gray's comment to the Physical Education instructor; (b) Deputy Bostic required Miss Gray to ignore the instructions given to her by Ms. Horton and then required Miss Gray to come over to where he was standing, which Miss Gray did; (c) Deputy Bostic took hold of Miss Gray's wrists and hands, then pulled Miss Gray's hands, wrists and arms behind her back; (d) Deputy Bostic then put his handcuffs on Miss Gray's wrists; (e) Deputy Bostic tightened his handcuffs on Miss Gray's wrists such that Miss Gray's wrists, arms and hands were bound behind her back and to such extent that Miss Gray could not free herself from Deputy Bostic's handcuffs; (f) Deputy Bostic told Miss Gray that, "this is what happens to people when they break the law" and

"this is how it feels to be in jail;" and (f) Deputy Bostic kept Miss Gray's hands cuffed and bound behind her back for approximately ten (10) minutes or more.

15.     Deputy Bostic's actions of confronting, accusing, detaining, restraining and handcuffing Miss Gray were witnessed by Ms. Horton and by twenty (20) or more Holt Elementary School students, many of whom were Miss Gray's friends, acquaintances and classmates.

16.     As a direct and proximate result of Deputy Bostic's said actions, Miss Gray suffered injury and damage, including without limitation: (a) physical pain in and about her wrists, hands and arms; (b) severe personal embarrassment and public humiliation; (c) severe and continuing emotional distress; (d) severe and continuing mental anguish; (e) severe and continuing episodes of nightmares and crying concerning the incident; (f) extreme fear of Deputy Bostic, in particular, and of uniformed law enforcement personnel, in general; (g) extreme fear that Deputy Bostic's handcuffs and his handcuffing procedure would cause her to suffer internal and/or external bleeding, such that she would have to undergo medical intervention and treatment, or hospitalization; (h) having to leave her long-time friends and teachers at Holt Elementary School and transfer to another school for the 2003-2004 school year, in order to avoid seeing and being in close proximity to Deputy Bostic, and in order to avoid being confronted, threatened or subjected to another assault and battery and false imprisonment by Deputy Bostic; (i) being deprived of her right to privacy, as guaranteed under the First Amendment to the Constitution of the United States; (j) violation of her right to be secure in her person and to not be subjected to the use of excessive force upon and an unreasonable seizure of her person, as guaranteed under the Fourth Amendment to the Constitution of the United States; (k) being subjected to cruel and unusual punishment, in violation of her rights as guaranteed under the Eighth Amendment to the Constitution of the United States; (l) deprivation of her liberty

without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the Constitution of the United States; (m) being denied the equal protection of the laws, in violation of her rights under the Fourteenth Amendment to the Constitution of the United States; (n) being falsely imprisoned by Deputy Bostic, in violation of her rights under the laws of the State of Alabama; (o) being subjected to an assault and battery by Deputy Bostic, in violation of her rights under the laws of the State of Alabama; (p) being subjected to an invasion of her privacy, and otherwise having her good name, reputation and character cast in a false light by Deputy Bostic, in violation of her rights under the laws of the State of Alabama; (q) being subjected to the intentional infliction of emotional distress by Deputy Bostic, in violation of her rights under the laws of the State of Alabama; and (r) being subjected to the willful, wanton and outrageous conduct of Deputy Bostic, in violation of her rights under the laws of the State of Alabama.

17.     With regard to the subject incident, Deputy Bostic had no valid reason or lawful justification for confronting, accusing, detaining, restraining and handcuffing Miss Gray.

18.     With regard to the subject incident, Deputy Bostic had no valid reason or lawful justification for treating Miss Gray as a criminal and for otherwise communicating to Ms. Horton and to the Physical Education instructor and to twenty (20) or more Holt Elementary School students that Miss Gray had committed or otherwise engaged in a criminal act.

19.     With regard to the subject incident, Deputy Bostic's actions constituted: (a) the unlawful invasion of Miss Gray's privacy; (b) the unlawful deprivation of Miss Gray's right to be secure in her person, and the unlawful use of excessive force upon and unreasonable seizure of Miss Gray; (c) the infliction of cruel and unusual punishment upon Miss Gray; and (d) the unlawful detention of Miss Gray thereby depriving Miss Gray of her personal liberty without due process of

law. With regard to the subject incident, Deputy Bostic's actions violated Miss Gray's rights under the First, Fourth, Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States. Deputy Bostic's said actions toward Miss Gray constituted negligence. Deputy Bostic's said actions toward Miss Gray were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.[2]

20.     With regard to the subject incident, Deputy Bostic's actions constituted an unlawful invasion of Miss Gray's right of privacy, including without limitation the placing of Miss Gray before the public in a false light, in violation of her rights under the laws of the State of Alabama. With regard to Deputy Bostic's said actions: (a) Deputy Bostic improperly sought and/or obtained private information concerning Miss Gray and/or he wrongfully intruded on Miss Gray's seclusion and/or private issues, particularly with respect to his unwarranted intrusion into Ms. Horton's dealings with Miss Gray concerning Miss Gray's comment to the Physical Education instructor; (b) the false light in which Deputy Bostic placed Miss Gray (i.e. Bostic's accusation and/or imputation that Miss Gray had engaged in criminal behavior) was highly offensive to Miss Gray and the same would be highly offensive to a reasonable person; and (c) Deputy Bostic had actual knowledge of or acted in reckless disregard as to the falsity of the "criminal behavior" matter which he publicized and the false light in which he placed Miss Gray.[3] Deputy Bostic's said actions toward Miss Gray constituted negligence.   Deputy Bostic's said actions toward Miss Gray were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

---

[2]     Hope v. Pelzer, 122 S.Ct. 2508 (2002).

[3]     Gary v. Crouch, 2003 WL 212465557 (Ala. May 30, 2003).

21.     With regard to the subject incident, Deputy Bostic communicated to one or more third persons a false and malicious imputation of a crime or moral delinquency of and concerning Miss Gray, which communication was not privileged as to Deputy Bostic, and which communication was not consented to by Miss Gray, which communication subjected Miss Gray to disgrace, ridicule, odium, and/or contempt in the estimation of her friends and acquaintances, or the public, with resulting damage to Miss Gray's reputation.  Deputy Bostic's said actions constituted defamation, in general, and slander, in particular, as to Miss Gray, in violation of Alabama Code Section 6-5-180, et seq., and otherwise in violation of Miss Gray's rights under the laws of the State of Alabama. Deputy Bostic's said actions toward Miss Gray constituted negligence.  Deputy Bostic's said actions toward Miss Gray were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

22.     With regard to the subject incident, Deputy Bostic unlawfully detained Miss Gray and thereby wrongfully deprived Miss Gray of her personal liberty.  Deputy Bostic's said actions constituted the false imprisonment of Miss Gray, in violation of Alabama Code Section 6-5-170 and otherwise in violation of Miss Gray's rights under the laws of the State of Alabama. Deputy Bostic's said actions toward Miss Gray constituted negligence.  Deputy Bostic's said actions toward Miss Gray were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

23.     With regard to the subject incident, Deputy Bostic: (a) committed an intentional, unlawful offer to touch Miss Gray's person in a rude or angry manner under such circumstances as to create in Miss Gray's mind a well-founded fear of an imminent battery and, with respect to such offer to touch, Deputy Bostic had the apparent ability to effectuate the attempted touching if he were

not otherwise prevented from so doing; and (b) Deputy Bostic actually and unlawfully touched Miss Gray's person in rudeness, or in anger, or in a hostile manner.  Deputy Bostic's actions constituted an assault and battery on Miss Gray, in violation of her rights under the laws of the State of Alabama. Deputy Bostic's said actions toward Miss Gray constituted negligence.  Deputy Bostic's said actions toward Miss Gray were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

24.     With regard to the subject incident, Deputy Bostic's actions were conducted with a reckless or conscious disregard of Miss Gray's rights and/or safety, with Bostic's knowledge of the danger he was subjecting Miss Gray to, or with Bostic's consciousness that his actions would likely result in injury to Miss Gray.  Bostic's said actions constitute wantonness as to Miss Gray, in violation of Alabama Code Section 6-11-20(b)(3) and otherwise in violation of Miss Gray's rights under the laws of the State of Alabama.

25.     With regard to the subject incident: (a) Deputy Bostic intentionally or recklessly inflicted emotional distress upon Miss Gray, or he knew or should have know that emotional distress was likely to result from his conduct toward Miss Gray; (b) Deputy Bostic's conduct toward Miss Gray was extreme and outrageous and resulted in severe emotional distress to Miss Gray; (c) Deputy Bostic's conduct toward Miss Gray was so extreme and outrageous in degree as to go beyond all possible bounds of decency; (d) Deputy Bostic's conduct toward Miss Gray was atrocious and utterly intolerable in a civilized society; and (e) Deputy Bostic's conduct toward Miss Gray caused her to suffer emotional distress so severe that no reasonable person could be expected to endure it.  Bostic's said actions constitute outrage and intentional infliction of emotional distress as to Miss Gray, in violation of Miss Gray's rights under the laws of the State of Alabama.

26.     With regard to the subject incident: (a) Deputy Bostic's actions toward Miss Gray deprived her of rights, privileges or immunities secured by the Constitution and laws of the United States; (b) Deputy Bostic's actions toward Miss Gray deprived her of rights, privileges or immunities secured by the laws of the State of Alabama; and (c) Deputy Bostic acted under color of law in depriving Miss Gray of said rights, privileges or immunities.[4]

27.     Prior to the incident made the subject of this complaint, Miss Gray had been diagnosed with a blood clotting disorder.[5]  Miss Gray's blood clotting disorder can cause, and has caused, her to bleed excessively (internally and externally) if she is slightly bumped or cut.  What would otherwise be considered moderate bodily contact to an individual who does not have this disorder can cause serious injury to Miss Gray.

28.     As a result of Miss Gray's blood clotting disorder, her physician restricted her from participating in any contact sports (i.e. dodge ball; climbing sports; etc.).

29.     Prior to the incident made the subject of this complaint: (a) Miss Gray's mother provided notice to Principal Harris of Miss Gray's blood clotting disorder and of the "physical contact" restrictions placed on Miss Gray by her physician; and (b) notice of Miss Gray's blood clotting disorder was also provided to Miss Gray's teachers and Physical Education instructors at Holt Elementary School.

30.     Prior to the incident made the subject of this complaint, Principal Harris provided or should have provided notice to Deputy Bostic of Miss Gray's blood clotting disorder.

31.     Prior to the incident made the subject of this complaint, Deputy Bostic knew or

---

[4]     Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).

[5]     Factor 7 Deficiency Coagulopathy.

should have known of Miss Gray's blood clotting disorder.

32.     With regard to the subject incident, Deputy Bostic's actions toward Miss Gray were committed within the scope of his employment and/or were done to further the interests of Bostic's employer, which interests include without limitation the interests of Sheriff Sexton, Principal Harris, Superintendent Sellers,  Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner, Holt Elementary School, the Tuscaloosa County School System and/or the Tuscaloosa County Board of Education.

33.     At no time following the subject incident has Deputy Bostic apologized to Miss Gray, expressed remorse for his wrongful conduct toward Miss Gray, or otherwise acknowledged and accepted responsibility for his wrongful conduct toward Miss Gray.

34.     At no time following the subject incident has Deputy Bostic been reprimanded, suspended from his employment, discharged from his employment, removed or reassigned from his job duties at Holt Elementary School, removed or reassigned from his job duties with the Tuscaloosa County School System, or otherwise subjected to any disciplinary action by Sheriff Sexton, or by Principal Harris, or by Superintendent Sellers, or by Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner.

35.     At no time following the subject incident have Sheriff Sexton, Principal Harris, Superintendent Sellers or Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner apologized to Miss Gray, expressed remorse for their wrongful conduct and the wrongful conduct of Deputy Bostic toward Miss Gray, or otherwise acknowledged and accepted responsibility for their wrongful conduct and the wrongful conduct of Deputy Bostic toward Miss Gray.

36.     With regard to the subject incident, Deputy Bostic's wrongful actions toward Miss

Gray have been acquiesced to and ratified by Sheriff Sexton, Principal Harris, Superintendent Sellers and/or Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner. Sheriff Sexton, Principal Harris, Superintendent Sellers and/or Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner have, with full knowledge or means of knowledge of all the material facts: (a) expressly adopted Deputy Bostic's wrongful actions toward Miss Gray; or (b) implicitly approved Deputy Bostic's wrongful actions toward Miss Gray.

37.     Prior to and at all times relevant to the subject incident and continuing thereafter, Sheriff Sexton has been and continues to be the final policymaker and/or the official decision maker with regard to the hiring, training, supervision and retention of Deputy Sheriffs of Tuscaloosa County, Alabama, and including Deputy Bostic.

38.     Prior to and at all times relevant to the subject incident and continuing thereafter, Sheriff Sexton has permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and excessive use of force by Deputy Sheriffs of Tuscaloosa County, Alabama, in general, and by Deputy Bostic, in particular. Prior to and at all times relevant to the subject incident and continuing thereafter, Sheriff Sexton has maintained no system of review or has failed to identify instances of improper use of force or to discipline, more closely supervise, train, or retrain specific Deputy Sheriffs, including without limitation Deputy Bostic, who in fact improperly used such force. Sheriff Sexton's said acts, omissions and systematic deficiencies are the policies and customs of Sheriff Sexton and/or the Sheriff's Department of Tuscaloosa County, Alabama. As a direct, proximate and foreseeable result of Sheriff Sexton's said acts: (i) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (ii) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by

the laws of the State of Alabama; (iii) Sheriff Sexton acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (iv) Miss Gray suffered other injury and damage as set forth in this complaint. Sheriff Sexton's said actions constitute negligence. Sheriff Sexton's said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

39.    Prior to and at all times relevant to the subject incident: (a) Sheriff Sexton had a duty to hire, train and supervise Deputy Bostic; (b) Sheriff Sexton breached that duty by failing to properly test and evaluate Bostic prior to hiring him, by failing to properly train Bostic after hiring him, by failing to properly supervise Bostic after hiring him and by retaining Bostic in his employment after receiving actual or constructive notice of Bostic's misfeasance, malfeasance and violations of the civil rights of Miss Gray and other persons; and (c) as a direct, proximate and foreseeable result of Sheriff Sexton's breach of said duties: (i) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (ii) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (iii) Sheriff Sexton acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (iv) Miss Gray suffered other injury and damage as set forth in this complaint. Sheriff Sexton's said actions constitute negligence. Sheriff Sexton's said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

40.    Prior to and at all times relevant to the subject incident, Sheriff Sexton instituted, executed and/or otherwise engaged in a policy or custom of improperly and inadequately hiring, training, supervising and retaining Deputy Sheriffs of the Tuscaloosa County Sheriff's Department,

and including Deputy Bostic. With regard to the institution and execution of said policy or custom,

Sheriff Sexton's actions constitute negligence. With regard to the institution and execution of said

policy or custom, Sheriff Sexton's actions were conducted intentionally, wantonly, willfully,

maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation

of the law. As a direct, proximate and foreseeable result of Sheriff Sexton's said actions: (a) Miss

Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution

and laws of the United States;  (B) Miss Gray has been wrongfully deprived of rights, privileges or

immunities secured by the laws of the State of Alabama; (c) Sheriff Sexton acted under color of law

in depriving Miss Gray of said rights, privileges or immunities; and (d) Miss Gray suffered other

injury and damage as set forth in this complaint.

41.     As the final policymaker and/or official decision maker concerning the hiring,

training, supervision and retention of Deputy Bostic, including without limitation the assignment of

Deputy Bostic to patrol duty at Holt Elementary School, Sheriff Sexton: (a) knew or should have

known that Deputy Bostic was prone to commit acts of misfeasance, malfeasance and violations of

the civil rights of Miss Gray and other persons; (b) in the exercise of reasonable care and diligence,

could have or should have prevented Deputy Bostic from committing the wrongful acts against Miss

Gray as set forth in this complaint; and (c) failed to exercise such reasonable care and diligence with

regard to Deputy Bostic. As a direct, proximate and foreseeable result of Sheriff Sexton's said

actions: (a) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by

the Constitution and laws of the United States;  (b) Miss Gray has been wrongfully deprived of

rights, privileges or immunities secured by the laws of the State of Alabama; (c) Sheriff Sexton acted

under color of law in depriving Miss Gray of said rights, privileges or immunities; and (d) Miss Gray

suffered other injury and damage as set forth in this complaint.  Sheriff Sexton's said actions constitute negligence.  Sheriff Sexton's said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

42.     Prior to and at all times relevant to the subject incident, Principal Harris has been and continues to be the final policymaker and/or the official decision maker with regard to the hiring, training, supervision and/or retention of Deputy Bostic with regard to Bostic's assignment to and patrol duty at Holt Elementary School of Tuscaloosa County, Alabama.

43.     Prior to and at all times relevant to the subject incident and continuing thereafter, and with regard to the custom or policy of requesting, permitting or otherwise demanding that Deputy Sheriffs of Tuscaloosa County, Alabama provide on-site patrol duty at Holt Elementary School, Principal Harris has permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and excessive use of force by Deputy Sheriffs of Tuscaloosa County, Alabama, in general, and by Deputy Bostic, in particular, with regard to such patrol duty at Holt Elementary School.  Prior to and at all times relevant to the subject incident and continuing thereafter, Principal Harris has maintained no system of review or has failed to identify instances of improper use of force or to discipline, more closely supervise, train, or retrain specific Deputy Sheriffs, including without limitation Deputy Bostic, who in fact improperly used such force. Principal Harris's said acts, omissions and systematic deficiencies are the policies and customs of Principal Harris and/or Holt Elementary School.  As a direct, proximate and foreseeable result of Principal Harris's said acts: (i) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (ii) Miss Gray has been

wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (iii) Principal Harris acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (iv) Miss Gray suffered other injury and damage as set forth in this complaint. Principal Harris's said actions constitute negligence. Principal Harris's said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond her authority and/or under her mistaken interpretation of the law.

44.     Prior to and at all times relevant to the subject incident: (a) Principal Harris had a duty to hire, train and/or supervise Deputy Bostic with regard to Bostic's assignment to and patrol duty at Holt Elementary School; (b) Principal Harris breached that duty by failing to properly test and/or evaluate Bostic prior to hiring him, by failing to properly train Bostic after hiring him, by failing to properly supervise Bostic after hiring him and/or by retaining Bostic in his employment at Holt Elementary School after receiving actual or constructive notice of Bostic's misfeasance, malfeasance and violations of the civil rights of Miss Gray and other persons; and (c) as a direct, proximate and foreseeable result of Principal Harris's breach of said duties: (i) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States;  (ii) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (iii) Principal Harris acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (iv) Miss Gray suffered other injury and damage as set forth in this complaint.  Principal Harris's said actions constitute negligence.  Principal Harris's said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond her authority and/or under her mistaken interpretation of the law.

45.     Prior to and at all times relevant to the subject incident and continuing thereafter, and

with regard to the custom or policy of requesting, permitting or otherwise demanding that Deputy

Sheriffs of Tuscaloosa County, Alabama provide on-site patrol duty at schools in the Tuscaloosa

County School System, in general, and at Holt Elementary School, in particular, Superintendent

Sellers has been and continues to be the final policymaker and/or the official decision maker with

regard to the hiring, training, supervision and/or retention of said Deputy Sheriffs, in general, and

of Deputy Bostic, in particular, and including without limitation Bostic's assignment to and patrol

duty at Holt Elementary School.

46.     Prior to and at all times relevant to the subject incident and continuing thereafter, and

with regard to the custom or policy of requesting, permitting or otherwise demanding that Deputy

Sheriffs of Tuscaloosa County, Alabama provide on-site patrol duty at schools in the Tuscaloosa

County School System, in general, and at Holt Elementary School, in particular, Superintendent

Sellers has permitted, encouraged, tolerated and ratified a pattern and practice of unjustified,

unreasonable and excessive use of force by Deputy Sheriffs of Tuscaloosa County, Alabama, in

general, and by Deputy Bostic, in particular, with regard to such patrol duty at said schools.  Prior

to and at all times relevant to the subject incident and continuing thereafter, Superintendent Sellers

has maintained no system of review or has failed to identify instances of improper use of force or

to discipline, more closely supervise, train, or retrain specific Deputy Sheriffs, including without

limitation Deputy Bostic, who in fact improperly used such force.  Superintendent Sellers' said acts,

omissions and systematic deficiencies are the policies and customs of Superintendent Sellers, Holt

Elementary School, the Tuscaloosa County School System and/or the Tuscaloosa County Board of

Education.  As a direct, proximate and foreseeable result of Superintendent Sellers' said acts: (i)

Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the

Constitution and laws of the United States; (ii) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (iii) Superintendent Sellers acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (iv) Miss Gray suffered other injury and damage as set forth in this complaint. Superintendent Sellers' said actions constitute negligence. Superintendent Sellers' said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond her authority and/or under her mistaken interpretation of the law.

     47.    Prior to and at all times relevant to the subject incident and continuing thereafter: (a) Superintendent Sellers had a duty to hire, train and/or supervise Deputy Bostic with regard to Bostic's assignment to and patrol duty at Holt Elementary School; (b) Superintendent Sellers breached that duty by failing to properly test and/or evaluate Bostic prior to hiring him, by failing to properly train Bostic after hiring him, by failing to properly supervise Bostic after hiring him and/or by retaining Bostic in his employment at Holt Elementary School after receiving actual or constructive notice of Bostic's misfeasance, malfeasance and violations of the civil rights of Miss Gray and other persons; and (c) as a direct, proximate and foreseeable result of Superintendent Sellers' breach of said duties: (i) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (ii) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (iii) Superintendent Sellers acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (iv) Miss Gray suffered other injury and damage as set forth in this complaint. Superintendent Sellers' said actions constitute negligence. Superintendent Sellers' said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond her

authority and/or under her mistaken interpretation of the law.

48.     Prior to and at all times relevant to the subject incident and continuing thereafter, Superintendent Sellers instituted, executed and/or otherwise engaged in a policy or custom of improperly and inadequately hiring, training, supervising and/or retaining Deputy Sheriffs of the Tuscaloosa County Sheriff's Department, and including Deputy Bostic, with regard to such Deputy Sheriffs' assignment to and patrol duty at schools in the Tuscaloosa County School System, in general, and with regard to Deputy Bostic's assignment to and patrol duty at Holt Elementary School, in particular. With regard to the institution and execution of said policy or custom, Superintendent Sellers' actions constitute negligence. With regard to the institution and execution of said policy or custom, Superintendent Sellers' actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond her authority and/or under her mistaken interpretation of the law. As a direct, proximate and foreseeable result of Superintendent Sellers' said actions: (a) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States;  (b) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (c) Superintendent Sellers acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (d) Miss Gray suffered other injury and damage as set forth in this complaint.

49.     Prior to and at all times relevant to the subject incident and continuing thereafter, and in her capacity as the final policymaker and/or the official decision maker concerning the hiring, training, supervision and/or retention of Deputy Bostic, including without limitation the assignment of Deputy Bostic to patrol duty at Holt Elementary School, Superintendent Sellers: (a) knew or should have known that Deputy Bostic was prone to commit acts of misfeasance, malfeasance and

violations of the civil rights of Miss Gray and other persons; (b) in the exercise of reasonable care and diligence, could have or should have prevented Deputy Bostic from committing the wrongful acts against Miss Gray as set forth in this complaint; and (c) failed to exercise such reasonable care and diligence with regard to Deputy Bostic. As a direct, proximate and foreseeable result of Superintendent Seller's said actions: (a) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (b) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (c) Superintendent Sellers acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (d) Miss Gray suffered other injury and damage as set forth in this complaint. Superintendent Sellers' said actions constitute negligence. Superintendent Sellers' said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond her authority and/or under her mistaken interpretation of the law.

50. Prior to and at all times relevant to the subject incident and continuing thereafter, and with regard to the custom or policy of requesting, permitting or otherwise demanding that Deputy Sheriffs of Tuscaloosa County, Alabama provide on-site patrol duty at schools in the Tuscaloosa County School System, in general, and at Holt Elementary School, in particular, Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner have been and continue to be the final policymakers and/or the official decision makers with regard to the hiring, training, supervision and/or retention of said Deputy Sheriffs, in general, and of Deputy Bostic, in particular, and including without limitation Bostic's assignment to and patrol duty at Holt Elementary School.

51. Prior to and at all times relevant to the subject incident and continuing thereafter, and with regard to the custom or policy of requesting, permitting or otherwise demanding that Deputy

Sheriffs of Tuscaloosa County, Alabama provide on-site patrol duty at schools in the Tuscaloosa County School System, in general, and at Holt Elementary School, in particular, Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner have permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and excessive use of force by Deputy Sheriffs of Tuscaloosa County, Alabama, in general, and by Deputy Bostic, in particular, with regard to such patrol duty at said schools. Prior to and at all times relevant to the subject incident and continuing thereafter, said Board Members have maintained no system of review or have failed to identify instances of improper use of force or to discipline, more closely supervise, train, or retrain specific Deputy Sheriffs, including without limitation Deputy Bostic, who in fact improperly used such force. The Board Members' said acts, omissions and systematic deficiencies are the policies and customs of the Board Members, Holt Elementary School, the Tuscaloosa County School System and/or the Tuscaloosa County Board of Education. As a direct, proximate and foreseeable result of the Board Members' said acts: (i) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (ii) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (iii) the Board Members acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (iv) Miss Gray suffered other injury and damage as set forth in this complaint. The Board Members said actions constitute negligence. The Board Members' said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or under their mistaken interpretation of the law.

52.     Prior to and at all times relevant to the subject incident and continuing thereafter: (a) Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner had a duty to hire, train

and/or supervise Deputy Bostic with regard to Bostic's assignment to and patrol duty at Holt Elementary School; (b) said Board Members breached that duty by failing to properly test and/or evaluate Bostic prior to hiring him, by failing to properly train Bostic after hiring him, by failing to properly supervise Bostic after hiring him and/or by retaining Bostic in his employment at Holt Elementary School after receiving actual or constructive notice of Bostic's misfeasance, malfeasance and violations of the civil rights of Miss Gray and other persons; and (c) as a direct, proximate and foreseeable result of said Board Members' breach of said duties: (i) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (ii) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (iii) said Board Members acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (iv) Miss Gray suffered other injury and damage as set forth in this complaint. The Board Members' said actions constitute negligence. The Board Members' said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or under their mistaken interpretation of the law.

53.    Prior to and at all times relevant to the subject incident and continuing thereafter, Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner instituted, executed and/or otherwise engaged in a policy or custom of improperly and inadequately hiring, training, supervising and/or retaining Deputy Sheriffs of the Tuscaloosa County Sheriff's Department, and including Deputy Bostic, with regard to such Deputy Sheriffs' assignment to and patrol duty at schools in the Tuscaloosa County School System, in general, and with regard to Deputy Bostic's assignment to and patrol duty at Holt Elementary School, in particular. With regard to the institution

and execution of said policy or custom, said Board Members' actions constitute negligence. With regard to the institution and execution of said policy or custom, said Board Members' actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or under their mistaken interpretation of the law. As a direct, proximate and foreseeable result of the Board Members' said actions: (a) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (b) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Alabama; (c) the Board Members acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (d) Miss Gray suffered other injury and damage as set forth in this complaint.

54.     Prior to and at all times relevant to the subject incident and continuing thereafter, and in their capacities as the final policymakers and/or the official decision makers concerning the hiring, training, supervision and/or retention of Deputy Bostic, including without limitation the assignment of Deputy Bostic to patrol duty at Holt Elementary School, Board Members Thomas, Barnnet, Junkin, Acker, Presley, Smith and Garner: (a) knew or should have known that Deputy Bostic was prone to commit acts of misfeasance, malfeasance and violations of the civil rights of Miss Gray and other persons; (b) in the exercise of reasonable care and diligence, could have or should have prevented Deputy Bostic from committing the wrongful acts against Miss Gray as set forth in this complaint; and (c) failed to exercise such reasonable care and diligence with regard to Deputy Bostic. As a direct, proximate and foreseeable result of the Board Members' said actions: (a) Miss Gray has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (b) Miss Gray has been wrongfully deprived of rights, privileges or immunities

secured by the laws of the State of Alabama; (c) the Board Members acted under color of law in depriving Miss Gray of said rights, privileges or immunities; and (d) Miss Gray suffered other injury and damage as set forth in this complaint. The Board Members' said actions constitute negligence. The Board Members' said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or under their mistaken interpretation of the law.

## Count 1:  42 U.S.C. § 1983

55.     Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 54 of this complaint as if fully set forth herein.

56.     The conduct of defendants Bostic, Sexton, Harris, Sellers, Thomas, Barrnet, Junkin, Acker, Presley, Smith and/or Garner, jointly and severally: (a) caused and constituted an invasion of Miss Gray's privacy, in violation of her rights under the First Amendment to the Constitution of the United States; (b) caused and constituted an excessive use of force upon, and an unreasonable seizure of, Miss Gray, in violation of her rights under the Fourth Amendment to the Constitution of the United States and in violation of her rights under the laws of the State of Alabama; (c) caused and constituted a deprivation of Miss Gray's liberty without due process of law, in violation of her rights under the Fifth Amendment to the Constitution of the United States; (d) caused and constituted the infliction of cruel and unusual punishment upon Miss Gray, in violation of her rights under the Eighth Amendment to the Constitution of the United States; (e) caused and constituted a deprivation of Miss Gray's liberty without due process of law, by the State of Alabama or an agency thereof, in violation of Miss Gray's rights under the Fourteenth Amendment to the Constitution of the United

States; and (f) caused and constituted a deprivation of Miss Gray's right to equal protection of the laws, in violation of Miss Gray's rights under the Fourteenth Amendment to the Constitution of the United States.

57.    The conduct of said defendants, jointly and severally, was done under color of law of the State of Alabama.

58.    The conduct of said defendants, jointly and severally, implements or executes a custom, policy, policy statement, ordinance, regulation and/or decision officially adopted, promulgated or followed by the officers, official policymakers and/or final decision makers of the Sheriff's Department of Tuscaloosa County, Alabama, Holt Elementary School of Tuscaloosa County, Alabama, the Tuscaloosa County School System and/or the Tuscaloosa County Board of Education.

59.    The conduct of defendants Bostic, Sexton, Harris, Sellers, Thomas, Barnnet, Junkin, Acker, Presley, Smith and/or Garner, jointly and severally, deprived Miss Gray of her rights, privileges or immunities secured by the Constitution and laws, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1983.

60.    As a direct, proximate and foreseeable result of the conduct of said defendants, jointly and severally, Miss Gray has suffered injury and damage. Miss Gray's injury and damage includes, without limitation: (a) physical pain in and about her wrists, hands and arms; (b) severe personal embarrassment and public humiliation; (c) severe and continuing emotional distress; (d) severe and continuing mental anguish; (e) severe and continuing episodes of nightmares and crying concerning the subject incident; (f) extreme fear of Deputy Bostic, in particular, and uniformed law enforcement personnel, in general; (g) extreme fear that Deputy Bostic's handcuffs and his handcuffing procedure

would cause her to suffer internal and/or external bleeding, such that she would have to undergo medical intervention and treatment, or hospitalization; (h) having to leave her long-time friends and teachers at Holt Elementary School and transfer to another school for the 2003-2004 school year, in order to avoid seeing and being in close proximity to Deputy Bostic, and in order to avoid being confronted, threatened or subjected to another assault and battery and false imprisonment by Deputy Bostic; (i) being deprived of her right to privacy, as guaranteed under the First Amendment to the Constitution of the United States; (j) violation of her right to be secure in her person and to not be subjected to excessive force upon and an unreasonable seizure of her person, as guaranteed under the Fourth Amendment to the Constitution of the United States; (k) being subjected to cruel and unusual punishment, in violation of her rights as guaranteed under the Eighth Amendment to the Constitution of the United States; (l) deprivation of her liberty without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the Constitution of the United States; (m) being denied the equal protection of the laws, in violation of her rights under the Fourteenth Amendment to the Constitution of the United States; (n) being falsely imprisoned by Deputy Bostic, in violation of her rights under the laws of the State of Alabama; (o) being subjected to an assault and battery by Deputy Bostic, in violation of her rights under the laws of the State of Alabama; (p) being subjected to an invasion of her privacy and otherwise having her good name, reputation and character cast in a false light by Deputy Bostic, in violation of her rights under the laws of the State of Alabama; (q) being subjected to the intentional infliction of emotional distress by Deputy Bostic, in violation of her rights under the laws of the State of Alabama; and (r) being subjected to the willful, wanton and outrageous conduct of Deputy Bostic, in violation of her rights under the laws of the State of Alabama.

61.    **WHEREFORE**, Miss Gray demands judgment against said defendants, jointly and severally, for the following:

62.    (a)    Compensatory damages;

(b)    Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage others from participating in the same or similar conduct;

(c)    For the costs of this lawsuit, to include reasonable attorney's fees and all other costs of litigation, including but not limited to such costs and expenses as expert fees, pursuant to 42 U.S.C. § 1988; and

(d)    Such further, different, other and equitable relief to which she is or may be entitled.

## Count 2:  42 U.S.C. § 1981

63.    Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 62 of this complaint as if fully set forth herein.

64.    The conduct of defendants Bostic, Sexton, Harris, Sellers, Thomas, Barnnet, Junkin, Acker, Presley, Smith and/or Garner, jointly and severally, deprived Miss Gray of her right to the full and equal benefit of all laws and proceedings for the security of persons as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

65.    **WHEREFORE**, Miss Gray demands judgment against said defendants, jointly and severally, for the following:

66.    (a)    Compensatory damages;

(b)     Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage others from participating in the same or similar conduct;

(c)     For the costs of this lawsuit, to include reasonable attorney's fees and all other costs of litigation, including but not limited to such costs and expenses as expert fees, pursuant to 42 U.S.C. § 1988; and

(d)     Such further, different, other and equitable relief to which she is or may be entitled.

## Count 3: Declaratory and Injunctive Relief

67.     Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 66 of this complaint as if fully set forth herein.

68.     The conduct of defendants Sexton, Harris, Sellers, Thomas, Barnnet, Junkin, Acker, Presley, Smith and/or Garner, jointly and severally, caused and constitutes the implementation or execution of the custom, policy, policy statement, ordinance, regulation and/or decision (the "custom and policy") officially adopted and promulgated by said defendants and/or by the Sheriff's Department of Tuscaloosa County, Alabama, Holt Elementary School, the Tuscaloosa County School System and/or the Tuscaloosa County Board of Education.

69.     The conduct of said defendants, jointly and severally, and with regard to the implementation or execution of said custom and policy, is violative of the rights, privileges or immunities of Miss Gray, and of others similarly situated, as provided and guaranteed under the Constitution and laws of the United States.

70.    As a direct, proximate and foreseeable result of said defendants' conduct, Miss Gray and others similarly situated have suffered and will continue to suffer injury and damage, including without limitation the deprivation of their rights, privileges or immunities as provided and guaranteed under the Constitution and laws of the United States.

71.    **WHEREFORE**, Miss Gray demands judgment against said defendants, jointly and severally, for the following:

72.    (a)    An Order declaring that said custom and policy, and said defendants' conduct with regard to their implementation and execution of said custom and policy, is violative of the rights, privileges or immunities of Miss Gray, and of others similarly situated, as provided and guaranteed under the Constitution and laws of the United States;

(b)    An Order enjoining and otherwise  restraining said defendants from continuing to implement and execute said custom and policy;

(c)    An Order requiring said defendants to modify said custom and policy, or to otherwise implement a custom and policy, such that the implementation and execution of such custom and policy will not be violative of the rights, privileges or immunities of Miss Gray, and of others similarly situated, as provided and guaranteed under the Constitution and laws of the United States;

(d)    An Order enjoining and otherwise  restraining said defendants from continuing to assign, allow and/or require Deputy Bostic to perform patrol duty or other law enforcement duties at Holt Elementary School or at any other school that is in the Tuscaloosa County School System or at any other school that is under the authority or oversight of the Tuscaloosa County Board of Education;

(e)     For the costs of this lawsuit, to include reasonable attorney's fees and all other costs of litigation, including but not limited to such costs and expenses as expert fees, pursuant to 42 U.S.C. § 1988; and

(f)     Such further, different, other and equitable relief to which she is or may be entitled.

## Claims Under State Law

## Count 4: Invasion of Privacy

73.     Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 71 of this complaint as if fully set forth herein.

74.     The conduct of defendants Bostic, Sexton, Harris, Sellers, Thomas, Barnnet, Junkin, Acker, Presley, Smith and/or Garner, jointly and severally, caused and constitutes the invasion of Miss Gray's right to privacy, and including without limitation the placing of Miss Gray in a false light before the public, in violation of her rights under the laws of the State of Alabama.

75.     As a direct, proximate and foreseeable consequence of said defendants' conduct, Miss Gray has suffered injury and damage, as further described in this complaint.

76.     **WHEREFORE,** Miss Gray demands judgment against said defendants, jointly and severally, for the following:

77.     (a)     Compensatory damages;

(b)     Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage others from participating in the same or similar conduct;

(c)     For the costs of this lawsuit, to include reasonable attorney's fees and all other costs of litigation; and

(d)     Such further, different, other and equitable relief to which she is or may be entitled.

## Count 5: Assault and Battery

78.     Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 77 of this complaint as if fully set forth herein.

79.     The conduct of defendants Bostic, Sexton, Harris, Sellers, Thomas, Barnnet, Junkin, Acker, Presley, Smith and/or Garner, jointly and severally, caused and constitutes an assault and battery on Miss Gray, in violation of her rights under the laws of the State of Alabama.

80.     As a  direct, proximate and foreseeable consequence of said defendants' conduct, Miss Gray has suffered injury and damage, as further described in this complaint.

81.     **WHEREFORE**, Miss Gray demands judgment against said defendants, jointly and severally, for the following:

82.     (a)     Compensatory damages;

(b)     Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage others from participating in the same or similar conduct;

(c)     For the costs of this lawsuit, to include reasonable attorney's fees and all other costs of litigation; and

(d)     Such further, different, other and equitable relief to which she is or may be entitled.

## Count 6:  False Imprisonment

83.     Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 82 of this complaint as if fully set forth herein.

84.     The conduct of defendants Bostic, Sexton, Harris, Sellers, Thomas, Barnnet, Junkin, Acker, Presley, Smith and/or Garner, jointly and severally, caused and constitutes the false imprisonment of Miss Gray, in violation of her rights under the laws of the State of Alabama.

85.     As a  direct, proximate and foreseeable consequence of said defendants' conduct, Miss Gray has suffered injury and damage, as further described in this complaint.

86.     **WHEREFORE**, Miss Gray demands judgment against said defendants, jointly and severally, for the following:

87.     (a)     Compensatory damages;

(b)     Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage others from participating in the same or similar conduct;

(c)     For the costs of this lawsuit, to include reasonable attorney's fees and all other costs of litigation; and

(d)     Such further, different, other and equitable relief to which she is or may be entitled.

## Count 7:  Defamation

88.     Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 87 of this complaint as if fully set forth herein.

89.     The conduct of defendants Bostic, Sexton, Harris, Sellers, Thomas, Barnnet, Junkin,

Acker, Presley, Smith and/or Garner, jointly and severally, caused and constitutes defamation of Miss Gray, in violation of her rights under the laws of the State of Alabama.

90.     As a  direct, proximate and foreseeable consequence of said defendants' conduct, Miss Gray has suffered injury and damage, as further described in this complaint.

91.     **WHEREFORE**, Miss Gray demands judgment against said defendants, jointly and severally, for the following:

92.     (a)     Compensatory damages;

(b)     Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage others from participating in the same or similar conduct;

(c)     For the costs of this lawsuit, to include reasonable attorney's fees and all other costs of litigation; and

(d)     Such further, different, other and equitable relief to which she is or may be entitled.

## Count 8: Intentional Infliction of Emotional Distress

93.     Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 92 of this complaint as if fully set forth herein.

94.     The conduct of defendants Bostic, Sexton, Harris, Sellers, Thomas, Barnnet, Junkin, Acker, Presley, Smith and/or Garner, jointly and severally, caused and constitutes the intentional infliction of emotional distress upon Miss Gray, in violation of her rights under the laws of the State of Alabama.

95.    **WHEREFORE**, Miss Gray demands judgment against said defendants, jointly and severally, for the following:

96.    (a)    Compensatory damages;

(b)    Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage others from participating in the same or similar conduct;

(c)    For the costs of this lawsuit, to include reasonable attorney's fees and all other costs of litigation; and

(d)    Such further, different, other and equitable relief to which she is or may be entitled.

Respectfully submitted,

*Gary P. Cody*

Gary P. Cody, Attorney
Counsel for the Plaintiff

Of Counsel:

The Cody Law Firm, P.C.
3141 Lorna Road - Suite 202
Hoover, Alabama 35216
Office:    (205) 458-3050
Fax:       (205) 328-6691

## JURY DEMAND

Plaintiff demands a trial by struck jury on all counts so triable.

*Gary P. Cody*

Gary P. Cody, Attorney

Page 35 of 36

### Request for Service of the Summons and Complaint Via U. S. Mail ~ Certified

The plaintiff, by and through her counsel, hereby requests that the Clerk of this Honorable Court

serve a copy of the Summons and Complaint, via U. S. Mail ~ Certified, upon each of the defendants

as follows:

Deputy Sheriff Antonio Bostic
618 Amy Circle
Tuscaloosa, Alabama  35404

Sheriff Edmund Sexton
c/o Tuscaloosa County Sheriff's Department
714 ½ Greensboro Avenue
Tuscaloosa, Alabama  35401

Principal Joyce Harris
c/o Holt Elementary School
1001 Crescent Ridge Road
Tuscaloosa, Alabama  35404

Dr. Joyce Sellers, Superintendent
Tuscaloosa County Board of Education
2314 9th Street
Tuscaloosa, Alabama  35401

Ms. Frankie Thomas, Board Member
1012 Mockingbird Lane
Northport, Alabama  35476

Mr. James Barnnet, Board Member
c/o Tuscaloosa County Board of Education
2314 9th Street
Tuscaloosa, Alabama  35401

Mr. James Junkin, Board Member
3230 Mystic Lake Way
Northport, Alabama  35473

Mr. Morris Acker, Board Member
3207 33rd Street
Northport, Alabama  35476

Mr. Don Presley, Board Member
13900 Shiloh Road
Ralph, Alabama  35480

Ms. Dot Smith, Board Member
5900 Jug Factory Road
Tuscaloosa, Alabama  35405

Ms. Pam Garner, Board Member
15794 Highway 216
Brookwood, Alabama  35444

Respectfully submitted,

*Gary P Cody*

Gary P. Cody, Attorney
Counsel for the Plaintiff

Page 36 of  36