FILED
2008 Jul-29 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **LAQUARIUS GRAY, a minor by and through her mother and next friend, TONIKA L. ALEXANDER,**  )<br>)<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>**ANTONIO BOSTIC,**  )<br>)<br>Defendant.  ) | Civil Action Number<br>**7:03-cv-2989-UWC** |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

Eschewing Defendant Antonio Bostic's position that Plaintiff Laquarius Gray is not entitled to an award of attorney's fees,[1] the Court makes and enters herein the following Findings of Fact and Conclusion of Law.

### A. FINDINGS OF FACT

1. This action was commenced on November 4, 2003, by the minor Plaintiff Laquarius Gray through his attorney, Gary P. Cody. Although the original thirty six-page complaint named other defendants, the case has proceeded against Tuscaloosa County Deputy Sheriff Antonio Bostic and, to a significantly lesser extent, Sheriff

---

[1] *See* Doc. 100.

Edmund Sexton.[2] The gravamen of the complaint is that Deputy Bostic detained and handcuffed the nine-year old Plaintiff during her physical education class, in violation of her constitutional rights.

2. At the conclusion of the evidence at trial, the Court granted judgment as a matter of law against Deputy Bostic. The jury returned nominal damages in the amount of $1.00, and Plaintiff's counsel did not seek a new trial on damages.[3]

3. In the Northern District of Alabama, an hourly range of $150.00 to $250.00 is the prevailing market rate for similar services performed by lawyers of reasonably comparable skills, experience, and reputation to those of attorneys Liveoak, Cody, Edge, Collins, and Boyles. An hourly range of $100.00 to $150.00 is the prevailing market rate in North Alabama for similar services performed by lawyers of reasonably comparable skills, experience, and reputation to those of attorney Peacock,

4. A reasonable hourly rate for Plaintiff's attorneys Liveoak, Cody, Edge, Collins, and Boyles is $200.00.

5. Because of his relatively short time at the bar, a reasonable hourly rate for

---

[2] Tuscaloosa County School Superintendent Joyce Sellers and County School Board members Frankie Thomas, James Barnnet, James Junkin, Morris Acker, Don Presley, Dot Smith, and Pam Gardner were also named as defendants, but before they answered the complaint, the Plaintiff voluntarily dismissed them under Fed. R. Civ. P. ("Rule") 41(a)(1)(I). (Docs. 17, 18.)

[3] Had Plaintiff's counsel timely filed a motion for a new trial on damages, it would have been granted. In the Court's view, the jury's verdict was abundantly unsupported by the weight of the evidence.

Plaintiff's attorney Peacock is $125.00.

6. A total of 346.2 hours were reasonably expended by counsel in the prosecution of this case . The following counsel expended the hours indicated:

> T. Blake Liveoak..........................................232.7[4]
> H. Arthur Edge.............................................73[5]
> W. Brian Collins..........................................4.5[6]
> G. Richard Boyles, Jr..................................10
> Curtis Peacock.............................................6
> Gary Cody...................................................20[7]

7. Gary Cody's law firm has reasonably incurred $562.93 in expenses directly related to the prosecution of this case.[8]

---

[4] On review of the Itemization of Time submitted by Plaintiff's counsel, (Doc. 114-3), the Court has determined that Deputy Bostic's assertion of redundancy in the hours claimed for June 7, 2005, is without merit. The Court has disallowed half (7) of the fourteen (14) hours claimed for services performed prior to the entry of his appearance in this case. The Court has included four hours for deposition preparation on June 17, 2005, since this item apparently was inadvertently omitted from the calculation of Liveoak's total hours.

[5] Edge's hours were overstated by two on the final calculation submitted for him.

[6] Collins' hours were overstated by five and a half.

[7] Based on this judge's experience both as a judge and former civil rights lawyer, the twenty hours approved for Cody are modest indeed, considering that he alone represented the Plaintiff from the filing of the complaint until this Court's dismissal of the case was reversed by the Eleventh Circuit. His conferences with the Plaintiff, draft of the complaint and opposition to the motions to dismiss, and his successful appeal of the Court's dismissal of the case certainly required more than twenty hours. Defendant's argument that he is entitled to only two hours simply lacks merit. (*See* Doc. 100; Bostic's Objection and Opposition to Application for Attorney's Fees at 4.)

[8] The Court disallows the $27.10 claimed for facsimile expenses because they were not shown to be related to this case.

8. The Collins, Liveoak & Boyles ("CL&B") law firm has reasonably incurred $1,180.00 in expenses directly related to the prosecution of this case.[9]

9. The CL&B firm is not entitled to reimbursement for the services rendered by their secretaries in this case.

10. Over a five-year period, this case has been the subject of four appeals[10] and three decisions by the Eleventh Circuit Court of Appeals. The most important of these decisions, handed down just two years ago,[11] has already been cited in more than fifty other cases.[12] The case was vigorously defended on every hand and at

---

[9] Plaintiff's counsel have failed to establish that the following claimed expenses are directly related to the prosecution of this action:

|  |  |
|---|---|
| $27.54 | for postage expenses |
| $18.61 | for copies/printing |
| $100 | for file set-up fee |
| $15 | for certificate of good standing |
| $170 | for admission to court |
| $84.80 | for Absolute Home Care |
| $153 | for faxes |
| $10 | for miscellaneous |
| $343.50 | for copies/printing |

[10] One of Deputy Bostic's appeals apparently was dismissed by the Eleventh Circuit for want of prosecution. (*See* Doc. 114-2, dated February 24, 2006.)

[11] *Alexander v. Bostic,* 458 F.3d 1295 (11th Cir.2006).

[12] *See, e.g., Jennings v. Jones,* 499 F.3d 2, 17 (1st Cir.2007); *Andujar v. Rodriguez,* 486 F.3d 1248, 1251 (11th Cir.2007); *Bates v. Harvey,* 518 F.3d 1223, 1239 (11th Cir.2008); *Marshall v. West,* 507 F.Supp.2d 1285, 1292 (M.D.Ala.2007); *Magee v. City of Daphne*, 2006 WL 3791971, *6 (S.D.Ala.2006); *Muhammad v. Washington Mut. F.A..,*2007 WL 1020840, *4(N.D.Ga.2007); *Williams v. Edwards,* 2007 WL 527987, *2 (M.D.Ga. 2007); *Campbell v. Johnson,* 2008 WL 490592, *7 (S.D.Fla. 2008); *Marshall v. Harry,* 2007 WL 2892023, #3 (M.D. Fla.2007); *In re Jesse W.,* 152 P.3d 1217, 1221 (Ariz.App.Div. 1 2007); *T.S. v. State,* 863 N.E.2d

every stage of the litigation. The legal acumen of Plaintiff's counsel is reflected in the fact that the Plaintiff ultimately prevailed, despite this Court's initial dismissal of this action.

11. Among the bar of the Northern District of Alabama, this case was an undesirable one. Because of the limited financial resources of the Plaintiff, the case could only be taken on a contingency basis. For completely understandable reasons,[13] it is extremely difficult to find lawyers willing to represent plaintiffs in civil rights cases on a contingency basis.

12. The relationship between the Plaintiff and his counsel is limited to this case.

13. Although the Plaintiff received only $1.00 in nominal damages, as found earlier, the jury's damage award was considerably unsupported by the evidence. In its most recent expression in this case, the Eleventh Circuit affirmed this Court's grant of judgment as a matter of law to the Plaintiff: "we conclude that, viewing the evidence in the light most favorable to Deputy Bostic, he lacked even arguable

---

362, 372 (Ind.App. 2007).

[13] The preclusion of other business from prospective corporate clients, the greater attraction of personal injury and other tort cases, the necessity to advance litigation expenses from the profits from other cases, the remoteness of the possibility of prevailing, and the sometimes interminable hassling over attorneys' fees after having prevailed on the merits—these are among the reasons which make these kinds of cases generally unattractive to members of the Bar.

probable cause to arrest Gray." (Doc. 116 at 5.)

14. Most of the legal work performed in this case relates to the claim against Deputy Bostic. The court finds that at least eighty-five percent (85%) of the legal services would have been required even if Sheriff Sexton had never been a party to the action.[14]

15. Since the Plaintiff did not prevail on his claim against Sheriff Sexton, the hours to which his counsel would otherwise be entitled will be reduced by fifteen percent (15%).[15]

16. Plaintiff's counsel are entitled to a 15% enhancement for the delay in payment.

17. Plaintiff's counsel are entitled to the following amounts of reasonable attorneys' fees and reimbursement of expenses:

### a. The CL&B Firm

| Attorney | Hours | | Hourly rate | | Total Fees |
|---|---|---|---|---|---|
| T. Blake Liveoak | 232.70 | x | $200 | = | $46,540 |
| H. Arthur Edge | 73 0 | x | $200 | = | $14,600 |
| W. Brian Collins | 4.5 | x | $200 | = | 900 |
| G. Richard Boyles, Jr. | 10 | x | $200 | = | $2,000 |

---

[14] Although Sheriff Sexton remained a pre-trial defendant until the Eleventh Circuit held that he was entitled to summary judgment on the ground of qualified immunity, the record does not reflect that he was subjected to any discovery. By the time of trial, he was out of the case.

[15] This deduction will be made from the time attributable to the primary counsel, T. Blake Liveoak.

Curtis Peacock                     6       x       $125       =       $750
    Total fees..............................................................................$64,790

Moreover, the CB&L firm is entitled to reimbursement of reasonable expenses in the amount of $1,180.

### b. Gary Cody

Gary Cody is entitled to payment for 20 hours at a $200.00 hourly rate, for a total of $4,000.00. He is also entitled to reimbursement for expenses in the amount of $562.93.

### B. CONCLUSIONS OF LAW

1. A prevailing party in an action brought under 41 U.S.C. § 1983 is entitled to a reasonable attorney's fee. 42 U.S.C. § 1988; *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400 (1968). Plaintiff Gray is a prevailing party in this action.

2. In setting a reasonable attorney's fee, a district court is required to utilize the "lodestar approach," which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Kenny A. v. Purdue et al.,* Nos. 06-15514, 06-15874, 2008 WL 2609238, at *10 (11th Cir. July 3, 2008); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir.1994); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is "the guiding light of our fee-shifting jurisprudence." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar incorporates all of the

twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *See also Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988).

3. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. An hourly rate of $200.00 is reasonable for Plaintiff's attorneys Liveoak, Edge, Collins, Boyles, and Cody; and an hourly rate of $125.00 is reasonable for attorney Peacock.

4. In calculating the number of hours reasonably expended in the prosecution of the action, a court must exclude "excessive, redundant, or otherwise unnecessary hours." *Hensley,* 461 U.S. at 434. The Court has disallowed 14.5 hours as redundant.

5. In determining reasonable hours, a court must deduct time spent on discrete and unsuccessful claims. *Norman,* 836 F.2d at 1302. The Court has reduced by fifteen percent (15%) the reasonable hours expended by Plaintiff as time attributable to the discrete claims against Sheriff Sexton.

6. "It is improper [to reduce hours] based on a simple ratio of successful issues to issues raised. *Id.* "Where all theories derive from a common nucleus of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." *Id.* The hours for which Plaintiff's counsel are being

compensated all derive from a common nucleus of operative facts.

7. Where the documentation of claimed attorney hours is inadequate, "the court may make the award based on its own experience." *Norman,* 836 F.2d at 1303. The Court has based its conservative award of 20 hours to Gary Cody on its own expertise and experience.

In the area of police misconduct, where injunctive relief is generally unavailable to safeguard individual constitutional rights, a court should not reduce the prevailing attorney's hours simply because the monetary relief is paltry. *Popham v. City of Kennesaw,* 820 F.2d 1570, 1580 (11th Cir. 1987); *City of Riverside v. Rivera,* 474 U.S. 917 (1985); *Norman,* 836 F.2d at 1303.

8. A reasonable attorney's fee for the prevailing party should reflect the delay between the time the services were rendered and the payment for the services.  While the Eleventh Circuit does not "prescribe any set method for correcting the delay in payment, . . . some form of correction must be undertaken." *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham,* 706 F.2d 1205, 1211 (11th Cir.1983). Generally courts in the Eleventh Circuit deal with the delay factor by compensating at current rates rather than at historic rates. *Norman,* 836 F.2d at 1302. However,

> using current rates to account for the delay in payment is somewhat inaccurate as it assumes that the increase in legal fees mirrors that of inflation, which in many instances is not the case. A more accurate method for adjusting for delays in payment would be to apply to the award a figure which is recognized as

representing the time value of money over the period of the litigation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1572 n.14 (11th Cir.1985). Since over the past five years, the prevailing market rates in the Northern District of Alabama do not reflect inflation, the Court has enhanced the award by fifteen (15%) percent.

## Conclusion

By separate order, the Court will grant the Plaintiff's motion for reasonable attorneys' fees and reimbursement of expenses.

*/s/ U.W. Clemon*
_____
U.W. Clemon
United States District Judge